**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-30932
_____

ITOCHU INTERNATIONAL, INC.,

Plaintiff-Appellant,

versus

WESTERN AVENIER MV, ET AL.

Defendants,

WESTERN BULK SHIPPING A/S;
WESTERN BULK CARRIERS K/S,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(95-CV-2513-K)
_____

August 7, 1998

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Itochu International, Inc. appeals from the district court's ruling that defendants-appellees, as owner and operator of the vessel in question, are entitled to protection under the §1304(2)(q) exception of the Carriage of Goods By Sea Act

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(COGSA) to their general COGSA duty to load and stow cargo properly.  In so holding the court relied in large part on our opinion in <u>Tubacex, Inc. v. M/V Risan</u>.[1]  After concluding that Itochu had proved its <u>prima facie</u> case, the district court found that Itochu had controlled the loading process of the cargo in question under an exclusive Charter Party with Western Bulk, so that the damage to the steel cargo in question resulted without the fault or privity of Western Bulk.

We have carefully reviewed the operable facts as reflected by the record and the legal arguments as advanced by able counsel in their appellate briefs and orally before the Court, as a result of which we conclude that the judgment of the district court should be affirmed, essentially for the reasons advanced by that court.

**AFFIRMED.**

---

[1] 45 F.3d 941 (5th Cir. 1995).